**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**NANCY LEA NUTT,**

**Plaintiff,**

**v.** **CIVIL ACTION NO. 1:19CV131**
**(Judge Keeley)**

**ANDREW SAUL,**
**Commissioner of Social Security,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [DKT. NO. 19]**

The plaintiff, Nancy Lea Nutt ("Nutt"), brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claims for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636 (b) and LR Civ. P. 9.02, this action was referred to United States Magistrate Judge Michael J. Aloi for pre-trial handling. On January 27, 2020, Magistrate Judge Aloi issued a Report and Recommendation ("R&R"), recommending that Nutt's Motion for Summary Judgment be granted in part and denied in part, that the Commissioner's Motion for Summary Judgment be granted in part and denied in part, and that the decision of the Commissioner be vacated and the case remanded for further proceedings (Dkt. No. 19). On February 5, 2020, the Commissioner filed objections to the R&R (Dkt. No. 21). On February 10, 2020, Nutt also filed objections to the R&R (Dkt. No. 22), and

**NUTT V. SAUL** **1:19CV131**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [Dkt. No. 19]**

the Commissioner filed a Response on February 21, 2020 (Dkt. No. 23). For the reasons discussed below, the Court **ADOPTS IN PART AND REJECTS IN PART** the R&R and incorporates it herein by reference.

## I. BACKGROUND

Nutt applied for a period of disability benefits, DIB, and SSI on April 6, 2015,[1] alleging that she had been disabled since January 1, 2010, due to sprains and strains, major depressive disorder, anxiety, bipolar disorder, post-traumatic stress disorder ("PTSD"), attention deficit hyperactive disorder ("ADHD")/ADHD secondary to history of traumatic brain injury, cognitive disorder/neurocognitive disorder, mood disorder, and opioid dependence depression (R.[2] 17-18). Nutt's claims were denied initially on September 1, 2015, and upon reconsideration on February 4, 2016. Id. at 15. At Nutt's request, Administrative Law Judge Jeffrey P. La Vicka ("ALJ") conducted hearings on January 18, 2018, and May 17, 2018. Id. The ALJ denied Nutt's claims in an decision issued on May 30, 2018 (R. 15-28). On April 25, 2019, the

[1] Nutt filed a Title II application and a Title XVI application on April 6, 2015. (R. 16). These applications were for a period of disability and DIB, and for SSI, respectively. Id.

[2] Throughout this Memorandum Opinion and Order, the Court cites the administrative record (Dkt. No. 10) by reference to the pagination as assigned by the Social Security Administration.

2

**NUTT V. SAUL** **1:19CV131**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [Dkt. No. 19]**

Appeals Council denied Nutt's request for review, making the ALJ's decision the final decision of the Commissioner (Dkt. No. 19 at 2).

The Magistrate Judge recommends that the Court remand this matter for further proceedings because, although the ALJ's decision is supported by substantial evidence for the most part, the ALJ did not adequately explain what he considered when determining that "the evidence fails to establish the presence of 'Paragraph C' criteria" and that there is "no documentation in this record that the claimant meets such further requirements" as to the remaining listings (Dkt. No. 19 at 85). The Commissioner objects to the R&R, claiming that the Magistrate Judge mischaracterized Nutt's Paragraph C criteria argument and that substantial evidence supported the ALJ's step three finding that Nutt did not have a condition that met or equaled the requirements of a mental listing (Dkt. No. 21). Nutt also objects to the R&R, claiming that the Magistrate Judge erred in finding that the ALJ did not err by according less weight to Nutt's treating physicians because such a finding is inconsistent with 20 C.F.R. § 404.1527(c)(2). Nutt also contends that the Magistrate Judge erred in considering Nutt's attendance at Alcoholics Anonymous ("AA") meetings as evidence to support the ALJ's finding that Nutt is not disabled (Dkt. No. 22).

3

**NUTT V. SAUL** **1:19CV131**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [Dkt. No. 19]**

The R&R is only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of only those portions of the R&R that have been specifically objected to, and the Court may accept, reject, or modify the R&R, in whole or in part. 28 U.S.C. § 636(b)(1). For the reasons detailed below, this Court sustains the Commissioner's objections, overrules Nutt's objections, and adopts the R&R's recommendations with the exception of the R&R's findings about Paragraph C criteria and the R&R's conclusion that the parties' respective motions for summary judgment should be granted in part and denied in part.

## II. STANDARD OF REVIEW

### A. The Magistrate Judge's R&R

Pursuant to 28 U.S.C. § 636(b)(1)(C),this Court must review de novo any portion of the magistrate judge's recommendation to which an objection is timely made. Courts will uphold portions of a recommendation to which no objection has been made if "there is no clear error on the face of the record." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

4

**NUTT v. SAUL** **1:19CV131**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [Dkt. No. 19]**

**B. The ALJ's Decision**

"Judicial review of a final decision regarding disability benefits under the Social Security Act . . . is limited to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also 42 U.S.C. § 405(g). It is the duty of the ALJ to make findings of fact and resolve disputed evidence. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979).

Substantial evidence is "'more than a mere scintilla,' and means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206 (1938)). The threshold for the evidentiary sufficiency for "substantial evidence" is "not high". Id. at 1154. "In reviewing for substantial evidence, [the Court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)).

5

**NUTT v. SAUL** **1:19CV131**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [Dkt. No. 19]**

Nonetheless, "[a]n ALJ may not elect and discuss only that evidence that favors his ultimate conclusion, but must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." Diaz v. Chatter, 55 F.3d 300, 307 (7th Cir. 1995) (internal citations omitted). The Court must be able to "track the ALJ's reasoning and be assured that the ALJ considered the important evidence." Id. at 308 (quoting Green v. Shalala, 51 F.3d 96, 101 (7th Cir. 1995)).

## III. DISCUSSION

The Court incorporates by reference Nutt's proposed facts Nos. 1 and 2, the last sentence of Nutt's proposed fact No. 3, the first two sentences of Nutt's proposed fact No. 4, Nutt's proposed facts Nos. 6 and 7(without emphasis), Nutt's proposed fact No. 9,[3] the Commissioner's statement of omitted facts except for the third

[3] The Court does not adopt the majority of Nutt's proposed fact No. 3 because although it cites to the Findings of Fact and Analysis of Evidence in the Disability Determination Explanation for her DIB claim at the Reconsideration level, the source of this information is "submitted by attorney" (R. 130). The final sentence of Nutt's proposed fact No. 4 is a mischaracterization of Nutt's fear of bathing when no one is present in her home. Compare (R. 115) with (R. 91). The Court does not adopt Nutt's proposed fact No. 5 because it is argumentative. Nutt's Proposed Fact No. 8 is not adopted because it implies that Dr. Berry, Dr. Hines, and Ms. Thomas read each others' opinions and agreed. Moreover, the three cited opinions do not mention Dr. Haut's opinion, as implied by the first sentence of Nutt's Proposed Fact No. 8.

6

**NUTT v. SAUL** **1:19CV131**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [Dkt. No. 19]**

sentence of fact No. 7,[4] and Magistrate Judge Aloi's articulation of the Commissioner's five-step evaluation process (Dkt. Nos. 15 at 3, 17 at 2-6, 19 at 69-70). Finding no clear error, the Court also adopts the portions of the R&R to which the Commissioner and Nutt have not objected.

The Court does not incorporate the Magistrate Judge's finding in the R&R that Nutt lives in a "highly structured setting with Dr. Baker." (Dkt. No. 19 at 85). According to the record, Nutt lives with Edward Barker, an auto parts salesman (R. 51-52). Nutt has been examined by Edward D. Baker, Ph.D., but Nutt only saw Dr. Baker once, and no evidence in the record suggests that Dr. Baker lives with Nutt. Finally, following a de novo review of the issues in dispute, the Court adopts in part and rejects in part the R&R (Dkt. No. 19).

**A. The ALJ Did Not Err in According Little Weight to Nutt's Treating Providers' Opinions.**

Substantial evidence supports the ALJ's step three finding that Nutt does not have a condition that meets or equals the requirements of a mental listing. Nutt alleges that the ALJ's conclusion was flawed because he failed to fully credit the

---

[4] The quotation in this sentence does not appear on the cited record page.

7

**NUTT v. SAUL** **1:19CV131**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [Dkt. No. 19]**

opinions of several treating physicians which suggested that Nutt had a condition that met or equaled the requirements of a mental listing (Dkt. No. 22 at 1). Specifically, Nutt argues that the ALJ erred by assigning "little" weight to the opinions of Marc Haut, Ph. D.; James Berry, D.O.; Douglas Hines, M.D.; and Holly Thomas, MSW (R. 25-26). Nutt also disagrees with the ALJ's decision to accord "significant" weight to the "State's agency consultants who never examined or treated Ms. Nutt" (Dkt. No. 22 at 3).

Under the treating-physician rule:

> If [the ALJ] find[s] that a treating source's medical opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [a claimant's] case record, [the ALJ] will give it controlling weight.

20 C.F.R. § 416.927(c)(2). "By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

An ALJ must consider the following factors to determine the weight to afford a treating physician's non-controlling opinion: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment

8

**NUTT v. SAUL** **1:19CV131**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [Dkt. No. 19]**

relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion with the record as a whole; (5) whether the physician is a specialist in the area in which he is rendering an opinion; and (6) other factors that support or contradict the opinion. 20 C.F.R. § 404.1527(c). The ALJ's "decision should be viewed as a whole" to determine whether he gave due consideration to the various factors. Barbare v. Saul, 2020 WL 3303378 (4th Cir. June 18, 2020) (quoting Tallmage v. Comm'r of Soc. Sec. Admin., No. 1:13-CV-02035, 2015 WL 1298673, at *12 (D.S.C. Mar. 23, 2015)). Moreover, if a physician's opinion "is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).

"Other sources," such as licensed clinical social workers, can provide significant insight into the severity of an individual's impairment and functional abilities. SSR 06-03p, 2006 WL 2329939, at *5; see also 20 C.F.R. § 404.1513(d)(1). An ALJ must explain the weight given to the opinions of "other sources" and must provide the reasoning behind the weight given. SSR 06-03p, 2006 WL 2329939, at *6.

9

**NUTT v. SAUL** **1:19CV131**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [Dkt. No. 19]**

Here, the ALJ afforded little weight to the opinions of Dr. Haut, Dr. Berry, Dr. Hines, and Ms. Thomas after evaluating Nutt's medical records. (R. 25-26). In his decision, the ALJ articulated specific reasons why little weight was given to these opinions: that the opinions were inconsistent with notes throughout the medical records; that Nutt seemed to benefit from regular therapy; and that some opinions simply re-stated Nutt's diagnoses and symptoms (R. 25).

The ALJ discounted Dr. Haut's opinion that Nutt met Listing 12.02 because this opinion was inconsistent with the overall record and was otherwise unsupported. Id. Although Dr. Haut had treated Nutt since 2011, only his earliest neuropsychological examination, close in time to Nutt's initial recovery from substance use, revealed significant limitations. Id. At all other times, Dr. Haut's treatment notes reflected at worst moderate mental symptoms. Id. The ALJ noted that the record as a whole contained notations throughout that Nutt was engaging in daily living and work-like activities that were inconsistent with any marked mental limitations. Id.

Ms. Thomas's February 2015 statement was accorded little weight because it simply set forth Nutt's diagnosis and subjective symptoms without specific explanations or citations to objective

10

**NUTT v. SAUL** **1:19CV131**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [Dkt. No. 19]**

findings. Id. The ALJ also determined that this statement was in direct contradiction to the notations in the record indicating that Nutt engaged in fairly significant activities of daily living. Id.

The ALJ gave little weight to Dr. Berry's medical source statement because it lacked specific functional limitations and was more akin to a finding of disability, which is exclusively reserved to the Commissioner. Id. Dr. Berry's statement also contradicted Nutt's treatment notes, which reflected good functioning and that Nutt had "made significant strides in maintaining sobriety and living a life of recovery." Id.

Finally, the ALJ discounted Dr. Hines's opinion because it was inconsistent with Nutt's routine treatment and simply set forth Nutt's diagnoses and subjective symptoms. Id. The ALJ found that Dr. Hines's statement contradicted the clear evidence of Nutt's improvement and stabilization, the no more than moderately abnormal mental status examination findings, the no more than moderate to transient GAF scores, and the notations in the records that reflected activities of daily living and work like activities (R. 25-26).

The ALJ did not rely on his own expertise to interpret Nutt's treating physicians' findings. Instead, the ALJ considered the weight to give Nutt's treating medical sources, the objective

11

**NUTT v. SAUL** **1:19CV131**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [Dkt. No. 19]**

testing in the medical record, and Nutt's treating medical sources' notes in the medical record. Id. Finally, the ALJ considered the reports of the state agency consultants, who, while unable to examine Nutt, prepared their reports independently but arrived at similar conclusions (R. 24).

Nutt cites Wilson v. Heckler, 743 F.2d 218 (4th Cir. 1984), for the proposition that an ALJ cannot substitute his own judgment for that of a treating physician. In Wilson, the ALJ took evidence from the social security applicant's treating physician and a physician who examined the applicant at the ALJ's request. Wilson, 743 F.2d at 220. The examining physician's findings were not significantly different from the findings of the applicant's treating physician. Id. at 221. However, the ALJ ultimately found that the examining physician's findings "did not support the severities shown in the physical capacities examination." Id.

In Nutt's case, the examining state experts' opinions and Nutt's treating physicians' opinions differ based on conflicting evidence in the medical record. As the finder of fact, the ALJ is required to weigh this conflicting evidence and defer to treating physicians' opinions only if their opinion is consistent with the medical record. Here, the differences between Nutt's testimony, the medical record notes, the treating medical sources' opinions, and

12

**NUTT v. SAUL** **1:19CV131**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [Dkt. No. 19]**

the state examining experts' opinions meant that the ALJ was required to give each as much consideration as is required based on the credibility of each source. The ALJ did so here, and there is substantial evidence to support his determination that the treating physicians' opinions should be given little weight.

**B. The Magistrate Judge and ALJ Appropriately Considered Nutt's Attendance at Alcoholics Anonymous Meetings, Along with Other Positive Social Interactions, as Evidence of Inconsistency between Nutt's Reported Limitations and her Medical Records.**

Nutt further objects to the Magistrate Judge's reliance on her attendance at AA meetings to recommend denial of Nutt's motion for summary judgment on the issue of the ALJ's failure to give her treating physicians' opinions controlling weight (Dkt. No. 22 at 6). The medical records considered by the Magistrate Judge and the ALJ contain notes from Dr. Berry and Martha Feris, LICSW, regarding Nutt's attendance at these meetings and her reports about her interactions with others at the meetings. (R. 453, 455, 459, 464, 469, 473, 475, 478, 488, 490, 496, 502, 505, 511, and 517).

"An individual shall not be considered to be disabled for purposes of [DIB or SSI] if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." See 42 U.S.C. § 423(d)(2)(c); 42 U.S.C. § 1382(a)(3)(J). An ALJ must

13

Case 1:19-cv-00131-IMK-MJA Document 24 Filed 07/20/20 Page 14 of 21 PageID #: 1105

**NUTT v. SAUL** **1:19CV131**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [Dkt. No. 19]**

conduct the five-step disability inquiry without considering the impact of a claimant's alcoholism or drug addiction. McGhee v. Barnhart, 366 F. Supp. 2d 389 (W. D. Va 2005). "In other words, if, and only if, an ALJ finds a claimant disabled under the five-step disability inquiry, should the ALJ evaluate whether the claimant would still be disabled if he or she stopped using drugs or alcohol." Id. (Internal quotation omitted).

The ALJ's examination of Nutt's medical records included Nutt's reports to her providers about her attendance at AA meetings and her interactions with others at these meetings. The ALJ wrote in his decision that Nutt's attendance at AA—particularly the positive social interactions she reported there—together with her positive reports about attending a women's advocacy group meeting, taking care of a neighbor's farm animals for a week, and a visit with her grandson and ex-daughter-in-law, all demonstrated inconsistency with Nutt's claimed disabling social interaction limitations. (R. 23). The ALJ's discussion, and the Magistrate Judge's review, of these positive interactions do not include any mention of Nutt's substance abuse disorder or speculate about Nutt's recovery. It is undisputed that Nutt is in recovery and was treating with Dr. Berry for her opioid addiction. Thus, neither the ALJ's nor the Magistrate Judge's decision was affected by Nutt's

14

**NUTT v. SAUL**                                                    **1:19CV131**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND
REJECTING IN PART THE REPORT AND RECOMMENDATION [Dkt. No. 19]**

alcoholism or addiction because she had stopped using drugs (other
than therapeutic Suboxone) and alcohol at the same time she was
attending AA meetings.

It is evident from the review of the ALJ's decision, the
relevant medical records, and the R&R, that the ALJ and the
Magistrate Judge did not consider Nutt's past alcoholism or
substance abuse as part of their conclusion that Nutt is not
entitled to the requested benefits. Indeed, the ALJ relied on
Nutt's AA meeting attendance and her reported positive interactions
there to conclude that the disabling social interaction limitations
Nutt reported at the two hearings before the ALJ were inconsistent
with her treaters' records. The ALJ also discussed other
substantial evidence in the record to support this finding. Thus,
the Magistrate Judge's inclusion of Nutt's attendance at AA
meetings in the R&R and the ALJ's consideration of this attendance
did not prejudice Nutt.

**C.   The ALJ Articulated Reasons for His Finding that Nutt Did Not
Meet Paragraph C Criteria in the Residual Functional Capacity
Analysis.**

The Commissioner objects to the Magistrate Judge's
recommendation that this matter be remanded for additional findings
related to the ALJ's analysis of Paragraph C criteria. Because the
ALJ discussed factors related to Paragraph C criteria in his

15

**NUTT v. SAUL**                                                    **1:19CV131**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND
REJECTING IN PART THE REPORT AND RECOMMENDATION [Dkt. No. 19]**

residual functional capacity analysis, the Court rejects the
Magistrate Judge's recommendation.

To be found presumptively disabled pursuant to a Listing (20
C.F.R. pt. 404, subpt. P., app. 1), a claimant must show that all
of the criteria for a Listing have been met. 20 C.F.R. §§
404.1525(c)(3), 416.925(c)(3); Sullivan v. Zebley, 493 U.S. 521,
530 (1990). An impairment that meets only some of the criteria for
a listed impairment, "no matter how severely, does not qualify."
Id., 493 U.S. at 530.

An ALJ is not required to provide an exhaustive point-by-point
breakdown of every listed impairment. "Indeed, courts have
determined that an ALJ's step-three conclusion that the claimant
did not meet the listing at issue can be upheld based on the ALJ's
findings at subsequent steps in the analysis." Keene v. Berryhill,
732 Fed. App'x 174 (4th Cir. 2018) (citing Fischer-Ross v.
Barnhart, 431 F.3d 729, 734 (10th Cir. 2005)). In order to meet
Listing 12.04 (depressive, bipolar, and related disorders), 12.06
(anxiety and obsessive-compulsive disorders), or 12.15 (trauma and
stressor-related disorders), Nutt must prove the existence of both
Paragraph A criteria and either Paragraph B or Paragraph C criteria
before she is considered disabled. 20 C.F.R. pt. 404, subpt. P.,
app. 1 §§ 12.04, 12.06, 12.15.

16

**NUTT v. SAUL** **1:19CV131**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [Dkt. No. 19]**

The ALJ found that the severity of Nutt's mental impairments, considered alone and in combination, "do not meet or medically equal the criteria of listings 12.02 (neurocognitive disorders), 12.04 (depressive, bipolar, and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), 12.11 (neurodevelopmental disorders), or 12.15 (trauma and stressor related disorders) (R. at 18). The ALJ considered Paragraph B and Paragraph C criteria to make this determination.

Citing the State agency psychiatric review techniques, the ALJ determined that Nutt had not experienced more than moderate mental symptoms (R. at 19). Because these symptoms were indicative of a moderate mental limitation as opposed to two "marked" limitations or one "extreme" limitation, as required by Paragraph B, this criteria was not met. Id.

The ALJ also considered whether Nutt's mental disorders met Paragraph C criteria of listings 12.04, 12.06, and 12.15. Id. The Paragraph C criteria for these listings require:

> [M]edically documented history of the existence of an underlying mental disorder for a period of at least two years and is evidence of both: (1) ongoing mental health therapy, psychosocial support(s), or a highly structured setting(s) that diminishes the symptoms and signs of a mental disorder and (2) minimal capacity to adapt to changes in [the claimant's' environment or to demands that are not already part of [the claimant's] daily life.

17

**NUTT v. SAUL** **1:19CV131**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [Dkt. No. 19]**

Id.; see also 20 C.F.R. Pt. 404, Subpt. P, App. 1.

Nutt does not meet all of these factors. In this matter, the ALJ considered Nutt's claimed mental impairments, listings 12.02 (neurocognitive disorders); 12.04 (depressive, bipolar, and related disorders); 12.06 (anxiety and obsessive compulsive disorders); 12.11 (neurodevelopmental disorders); and 12.15 (trauma and stressor related disorders). (R. 18). Although not a part of the analysis for step three or Paragraph C criteria, the ALJ, as part of the ALJ's residual functional capacity analysis, found "the routine nature of [Nutt's] mental health treatment to be inconsistent with disabling mental limitations." (R. 21). The ALJ analyzed the whole of Nutt's mental health treatment records and found that her treatment during the relevant time period remained limited to routine counseling and medication management, with no evidence of inpatient care or emergency care for any mental health symptoms. Id.

The ALJ further discussed Nutt's adaptations made through her years of mental health treatment, specifically, that Nutt responded well to new medication, that she was happy with her recovery, that she told one of her medical providers that "life on Ritalin is like getting sober for the first time, the entire world is different, and things that [Nutt] has struggled with to do all her life are no

18

**NUTT v. SAUL** **1:19CV131**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [Dkt. No. 19]**

longer a problem." (R. 22). The ALJ further noted that Nutt reported to one of her providers that she had discovered new abilities, including reading a book, drawing, and preparing a meal to be enjoyed with family. Id. The ALJ also discussed Nutt's reports to Dr. Berry that she babysat children and adolescents on summer breaks. (R. 24).

These adaptations and life adjustments cut against Nutt's argument that her mental health limitations meet Paragraph C criteria and the Magistrate Judge's report that the ALJ did not effectively address Paragraph C. Rather, the ALJ's finding that Nutt did not meet Paragraph C criteria is supported by substantial evidence. Finally, as stated earlier, the Court does not adopt the R&R's finding that Nutt lives in a highly structured setting with Dr. Baker (Dkt. No. 19 at 85). This conclusion is not supported by the record.

The Court's function is not to substitute its own judgment for the ALJ's, but to determine whether the ALJ's decision is based on substantial evidence. There were conflicts in the evidence before the ALJ and this Court will not second guess the ALJ's resolution of these conflicts. The justification provided by the ALJ was sufficient to allow this Court to determine that the ALJ had

19

**NUTT v. SAUL** **1:19CV131**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [Dkt. No. 19]**

adequately reviewed the record as to the Paragraph C criteria and that his decision is supported by substantial evidence.

For these reasons, the Court concludes that the stated, specific reasons for the weight given to Nutt's treating medical providers' opinions provide a sufficient basis on which to uphold the ALJ's decision. Substantial evidence exists to support the ALJ's decision to afford less weight to these treaters, and the ALJ sufficiently explained his decision so as to permit this Court's meaningful review. The ALJ did not err in considering Nutt's attendance at Alcoholics Anonymous meetings because the ALJ's decision is devoid of negative references to Nutt's former struggles with alcoholism and dependency as part of her application for benefits, and the ALJ also considered other positive social interactions in making his decision. Finally, the ALJ sufficiently explained his decision regarding the Paragraph C criteria in the record so as to permit this Court's review.

## IV. CONCLUSION

For the reasons discussed, the Court:

- **ADOPTS IN PART AND REJECTS IN PART** the R&R (Dkt. No. 19);
- **OVERRULES** Nutt's objections (Dkt. No. 22);
- **DENIES** Nutt's motion for summary judgement (Dkt. No. 18);

20

**NUTT v. SAUL** **1:19CV131**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [Dkt. No. 19]**

- **GRANTS** the Commissioner's motion for summary judgment (Dkt. No. 16); and
- **AFFIRMS** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3); and
- **DISMISSES** this civil action **WITH PREJUDICE** and **DIRECTS** that it be stricken from the Court's active docket.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to enter a separate judgment order and to transmit copies of both orders to counsel of record.

DATED: July 20, 2020.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

21